UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                               :
TODD WEST,                                     :        CASE NO. 1:15-CV-669
                                               :
        Petitioner,                            :
                                               :
vs.                                            :        OPINION AND ORDER
                                               :        [Resolving Doc. 1]
MAGGIE BRADSHAW, Warden,                        :
                                               :
        Respondent.                            :
                                               :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Todd West petitions for habeas corpus relief under 28 U.S.C. § 2254.[1] On December 29,

2016, Magistrate Judge James R. Knepp II recommended that the Court dismiss the case.[2]

Objections to Magistrate Judge Knepp's Report and Recommendation ("R&R") were due by

January 12, 2017.  On February 1, 2017, nearly three weeks after Petitioner's objections were

due, this Court entered an order denying Petitioner's claim.[3]

        Later in the day on February 1, 2017, the Court received Petitioner West's untimely

objections to the R&R.[4] Petitioner appears to have mailed his objections on January 23, 2017,

eleven days after the due-date.

        For the reasons below, the Court **ADOPTS** Magistrate Judge Knepp's Report and

Recommendation and incorporates it fully herein by reference.  The Court **DENIES** Petitioner's

habeas petition.

---

[1] Doc. 1. Respondent filed a return of writ. Doc. 12. Petitioner replied. Doc. 16. Respondent filed a sur-reply. Doc. 17. Petitioner filed a supplemental response, Doc. 21, to which Respondent replied, Doc. 25. Petitioner then filed a second supplemental response. Doc. 26.
[2] Doc. 29.
[3] Doc. 30.
[4] Doc. 32.

Case No. 1:15-CV-669
Gwin, J.

## I.  Legal Standard

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the R&R to which the parties have properly objected.[5] A district court may adopt without review parts of the R&R to which no party has objected.[6]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[7] controls habeas review of state court proceedings. AEDPA generally requires that a petitioner exhaust all of his available state court remedies before seeking habeas relief.[8] To satisfy the exhaustion requirement, the state courts must have "one full opportunity to resolve any constitutional issues."[9] A district court will not consider a habeas petitioner's "contentions of federal law . . . not resolved on the merits in the state proceeding due to [a petitioner's] failure to raise them there as required by state procedure."[10]

Nor will a district court consider alleged violations of state law.[11] "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."[12]

## II.  Discussion

Failure to object "to a magistrate judge's report within the time provided for filing objections operates as a waiver" of that party's right to object.[13] The Court may excuse noncompliance "in the interests of justice."[14]

---

[5] 28 U.S.C. § 636(b)(1).
[6] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[7] 28 U.S.C. § 2254.
[8] 28 U.S.C. § 2254(b)(1)(A).
[9] *O'Sullivan v. Boerckel*, 526 U.S. 838, 838 (1999).
[10] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *see also* *Lundgren v. Mitchell*, 440 F.3d 754, 763–64 (6th Cir. 2006).
[11] *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S. § 2254(a)).
[12] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).
[13] *Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445, 450 (6th Cir. 2007) (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).
[14] *Id.* at 450.

Case No. 1:15-CV-669
Gwin, J.

Petitioner West waived his right to object to the R&R by submitting his objections late.
Even if the objections were timely, however, his petition would fail on the merits.

In his petition, West raised six grounds for relief: (1) the state trial court erred in failing
to exclude evidence obtained in violation of the Fourth Amendment; (2) Petitioner's trafficking
conviction was not supported by sufficient evidence and therefore violates his Fourteenth
Amendment Due Process rights; (3) appellate counsel failed to provide effective assistance of
counsel by failing to raise the trial court's admission of statements taken in violation of *Miranda*;
(4) appellate counsel failed to provide effective assistance of counsel by failing to raise certain
suppression arguments; (5) Petitioner was denied due process when his property was improperly
seized; and (6) trial counsel failed to provide effective assistance of counsel by failing to raise a
variety of arguments.[15]

In Petitioner's objections to the R&R, he largely reiterates these arguments but does not
address the Magistrate Judge's analysis.[16] The Magistrate Judge properly concluded that
Petitioner's claims fail.

*Ground One – Fourth Amendment Violation*

Petitioner's Fourth Amendment claim fails. "[W]here the State has provided an
opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be

---

[15] Doc. 1 at 4-6. Petitioner made the following four arguments in support of his ineffective assistance of trial counsel claim: "a. Contrary to the state court's rulings trial counsel rendered ineffective assistance when counsel erroneously waived the suppression hearing that went to trial in regards to the thermal imaging flyover and the search and seizure of evidence obtained from the Scranton Avenue property[.]; b. Contrary to the state court rulings the Petitioner's Fourth Amendment rights were violated when law enforcement officers performed a thermal imaging flyover of the Scranton Avenue property without a search warrant and trial counsel rendered ineffective assistance of counsel when counsel waived the suppression hearing that would have challenged the alleged search warrant to conduct the thermal imaging flyover that never existed[.]; c. Contrary to the state court rulings the Petitioner was denied his constitutional rights under the Due Process Clause when the prosecution committed misconduct by failing to disclose evidence that was favorable to the defense under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215(1963)[.]; d. Contrary to the state court rulings the Petitioner was denied a fair trial when false and misleading testimony was used by police to obtain the search warrant for the Scranton Avenue building and property[.]" *Id.*
[16] *Compare* Doc. 1 *with* Doc. 32.

Case No. 1:15-CV-669
Gwin, J.

granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced in his trial."[17]

Petitioner complains that his opportunity to litigate his Fourth Amendment claim was inadequate.[18] But federal law requires "an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim."[19] Because Petitioner had a fair opportunity to argue his claim, ground one fails.

*Ground Two – Insufficient Evidence*

Petitioner's insufficient evidence argument is procedurally defaulted. Although Petitioner argued that his trafficking conviction lacked support throughout his state court appeal, he never presented the argument as a federal constitutional claim.[20]

A federal constitutional claim must be "fairly presented" to the Ohio state courts to proceed to habeas review.[21] Because Petitioner did not ground his argument in federal law in state court, it is procedurally defaulted.

*Ground Three – Ineffective Assistance of Appellate Counsel/*Miranda *Violation*

Petitioner's third argument fails on the merits. A federal court's review of an ineffective assistance of counsel claim in a state habeas petition is "doubly" deferential.[22] The Court agrees with the state court's conclusion that Petitioner waived his *Miranda* rights.[23] Moreover,

---

[17] *Stone v. Powell*, 428 U.S. 465, 494 (1976).
[18] Doc. 32 at 5-7.
[19] *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013).
[20] Doc. 29 at 24 (citing *State v. West*, 2012 WL 6727613, at *1-3 (Ohio Ct. App. Dec. 27, 2012)).
[21] *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004). "A petitioner can take four actions in its brief which are significant to the determination as to whether a claim has been fairly presented: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Id.* (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). Petitioner satisfied none of the *Clinkscale* factors.
[22] *See, e.g.*, *Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("The standards created by *Strickland* and the Antiterrorism and Effective Death Penalty Act (AEDPA) are both highly deferential, and when the two apply in tandem, review is doubly so.").
[23] Doc. 29 at 41-44 (state court testimony reflecting *Miranda* waiver).

-4-

Case No. 1:15-CV-669
Gwin, J.

Petitioner's appellate counsel did not provide constitutionally deficient service in failing to argue otherwise. Petitioner's ground three argument fails.

### Ground Four - Ineffective Assistance of Appellate Counsel/Suppression Argument

Petitioner's fourth argument is procedurally defaulted. While he argued on appeal that his *trial* counsel was ineffective for failing to preserve the record for his suppression argument, he did not exhaust the same argument as to his *appellate* counsel.[24]

The claim also fails on the merits. Under the "doubly deferential" review of state court determinations of ineffective assistance of counsel claims, this Court finds that appellate counsel's strategy in handling Petitioner's suppression argument was not constitutionally deficient.[25]

### Ground Five – Property Forfeiture Due Process Violation

Ground five is both procedurally defaulted and non-cognizable. As with ground two discussed above, Petitioner's wrongful forfeiture claim fails because the argument was never "fairly presented" to the Ohio state courts as a federal constitutional due process claim. Therefore, it is procedurally defaulted.[26]

Petitioner's argument is also non-cognizable because it concerns a state-court ruling on state law. This Court does not review an Ohio state court's determination whether Petitioner's property was wrongfully forfeited under Ohio law. Thus, ground five fails.

---

[24] Doc. 29 at 27 (citing *West*, 2014 WL 265482, at *4). The Court agrees with Magistrate Judge Knepp's *res judicata* analysis as well. *Id*. Petitioner can no longer raise his ineffective assistance claim in state court because it is barred by *res judicata*, which further supports the procedural default finding.
[25] For example, Petitioner challenges counsel's decision to rely on his written motion as opposed to demanding an evidentiary hearing. Doc. 1 at 31-32. His trial counsel's choice to move forward on the written arguments alone is not constitutionally deficient under *Strickland*. Nor is his appellate counsel's decision not to challenge the trial lawyer's approach.
[26] *Clinkscale*, 375 F.3d at 437; *see also West*, 2012 WL 6727613, at *8 (no discussion of federal constitutional provisions or case law in the state appellate decision).

Case No. 1:15-CV-669
Gwin, J.

*Ground Six - Ineffective Assistance of Trial Counsel*

Petitioner's last claim for relief also fails. As the R&R lays out in more detail,[27] the Ohio

state appellate court found that Petitioner's ineffective assistance of trial counsel claim failed on

Ohio state law procedural grounds.[28] Thus, those claims are procedurally defaulted for habeas

review.[29]

### III.    Conclusion

Accordingly, the Court **ADOPTS** Magistrate Judge Knepp's Report and

Recommendation and incorporates it fully herein by reference.  The Court **DENIES** Petitioner's

habeas petition.

IT IS SO ORDERED.


Dated: February 7, 2017                              s/          *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[27] Doc. 29 at 29-32.
[28] *Id*. at 31-32. Specifically, the appellate court found that Petitioner failed to properly amend his post-conviction petition to include certain substantive arguments, and also found those arguments to be barred by Ohio's *res judicata* doctrine.
[29] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) ("A federal habeas petitioner can procedurally default a claim by failing to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim.") (internal quotations omitted).